IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REVERSE MORTGAGE
SOLUTIONS, LLC

Plaintiff

vs

LUCIA MUÑOZ RIERA
a/k/a LUCIA V. MUÑOZ a/k/a LUCIA
MUÑOZ RIVERA a/k/a LUCIA
MUÑOZ a/k/a LUCÍA VICTORIA
MUÑOZ RIERA; UNITED STATES
OF AMERICA

Defendants

CIVIL 17-2198CCC

**OPINION AND ORDER**

This is an action for foreclosure of a reverse mortgage filed by plaintiff Reverse Mortgage Solutions, LLC against defendant Lucía Muñoz Riera (Muñoz) on September 13, 2017 (d.e. 1). Before the Court now is the Motion to Dismiss Pursuant to FRCP 12(b)(1) filed by defendant Muñoz on May 22, 2018 (**d.e. 10**), which plaintiff opposed on November 23, 2018 (d.e. 15) and to which defendant replied on November 30, 2018 (d.e. 16).[1]

Defendant avers that we lack jurisdiction to entertain this action as it was filed by plaintiff while it had pending before it a loss mitigation application submitted by her. This, she posits, is impeded by regulatory prohibitions on "dual tracking," i.e. the practice by mortgage creditors of moving towards foreclosure while the loss mitigation process is ongoing. She explains the relevant factual scenario as follows: plaintiff originally filed for foreclosure

---

[1] Her Motion for Leave to File Reply filed on November 30, 2018 (**d.e. 16**) is GRANTED, and the reply tendered on that same date (d.e. 16-1) is ORDERED FILED.

against her on May 16, 2016 in Civ. No. 16-1907(FAB). While that case was pending, she submitted in January 2017 a loss mitigation application requesting a "deed-in-lieu of foreclosure" (DIL) which plaintiff conditionally approved on February 13, 2017 subject to her acceptance of the offer by February 27, 2017 and the compliance with other requirements such as vacating the property, a property inspection, releasing all possessions left at the property and others. See Exhibit 1 to Motion to Dismiss (d.e. 10-1). Defendant accepted the offer by the established deadline of February 27, 2017, as required. See Exhibits 2 and 3 to the Motion to Dismiss (d.e. 10-2 and d.e. 10-3). Plaintiff's attorney confirmed during an initial scheduling conference held on May 2, 2017 in the then pending foreclosure action that plaintiff was evaluating the DIL proposed by defendant, and the Court granted it until June 3, 2017 to respond to said proposal. Exhibit 4 to Motion to Dismiss (d.e. 10-4). Despite the deadline established by the Court, defendant did not hear again from the plaintiff on her DIL proposal although its counsel contacted defendant's counsel to inform him that plaintiff would seek dismissal of the foreclosure complaint. On June 23, 2017, the parties filed a joint motion for voluntary dismissal which resulted in the entry of judgment on June 29, 2017. Defendant states that it continued her efforts to obtain a response on her DIL proposal even after the original foreclosure complaint was dismissed, but plaintiff never responded. Her last effort, a January 17, 2018 letter, also went unanswered. Given her unresolved request for loss mitigation, defendant insists that the applicable regulatory framework prohibits us from entertaining this foreclosure proceeding filed against her on September 13, 2017.

CIVIL 17-2198CCC                3

In its response in opposition, plaintiff acknowledges that statutory provisions enjoin it from continuing and/or pursuing a mortgage foreclosure process while a complete loss mitigation application is pending evaluation. While it also admits that defendant sought a DIL, plaintiff posits that during its consideration of the DIL application she changed her tune and informed being interested in a short sale. Contending that a DIL and a short sale are mutually exclusive options, plaintiff interpreted that defendant had tacitly withdrew her DIL application to pursue the short sale instead. It allegedly granted defendant a term of 30 days to send the formal offer for a short sale, which she never did. Thus, plaintiff denied the request for the short sale as a loan modification option. It must be noted that, in stark contrast to the defendant, not a single document has been submitted by the plaintiff in support of its described factual version of events. No dates are provided either for any of the occurrences identified in its narrative.

In her reply, defendant accepts that it requested to be evaluated for a short sale, but submits that this was done in a letter sent to plaintiff on November 2, 2018 (Exhibit 1 to the Reply) due to its "lack of response to the petition for a deed-in-lieu." Id. Still, defendant reiterated in that letter that the DIL remained her priority. Plaintiff's response, dated November 7, 2018 (Exhibit 2 to the Reply), generically acknowledges receipt of the letter and states that it will respond within thirty (30) business days. But nowhere does plaintiff mentions in that response that defendant was being granted a term of 30 days to submit her formal offer for a short sale, as it claimed it had done in its opposition.

CIVIL 17-2198CCC                    4

As noted above, defendant has moved the Court to dismiss the instant complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter. It is well settled that a "party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. U.S., 45 F.3d 520, 522 (1st Cir. 1995). Plaintiff shall meet the "burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." Lindsey v. U.S., 448 F. Supp. 2d 37, 42-43 (D.D.C. 2006). Under Fed. R. Civ. P. 12(b)(1), as opposed to the standard under Fed. R. Civ. P. 12(b)(6), the Court may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition. González v. U.S., 284 F.3d 281, 288 (1st Cir. 2002).

In 1974, Congress passed the Real Estate Settlement Procedures Act (RESPA), codified at Title 12, Chapter 27 of the United States Code, 12 U.S.C. §§ 2601-2617. On July 21, 2011, the administration and enforcement of the RESPA was transferred from the Department of Housing and Urban Development to the Consumer Financial Protection Bureau (CFPB). On January 17, 2013, the CFPB issued a final rule to amend Regulation X (78 Fed. Reg. 10695) (February 14, 2013). The final rule implemented certain provisions of Title XIV of the Dodd-Frank Act and included substantive and technical changes to the existing regulations. Substantive changes included modifying the servicing transfer notice requirements and implementing new procedures and notice requirements related to borrowers' error resolution requests and information requests. The amendments, effective as of January 10, 2014, also included new provisions related to loss mitigation.

One of the amendments related to loss mitigation, Parts 1024.41(f) and (g) of RESPA Regulation X (12 C.F.R. sections 1024.41(f) and (g)), prohibits the filing of foreclosure actions or, if already filed, moving for a foreclosure judgment or conducting a foreclosure sale, while the parties are involved in loss mitigation's negotiations. The loss mitigation process begins when a borrower submits a complete loss mitigation application, and ends when the servicer denies that application on appeal (or after the servicer's first denial, if the borrower fails to appeal). See 12 C.F.R. § 1024.41(g). A denial of a loan modification application must state the "specific reason or reasons for the servicer's determination." Id. The relevant regulations further provide that ""A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process" while a complete loss mitigation application is pending. 12 C.F.R. § 1024.41(f). The Consumer Financial Protection Bureau's ("CFPB") Official Bureau Interpretations[2] provide guidance on what constitutes the first notice or filing under § 1024.41(f):

> I . . . . Such notices or filings include, for example, <u>a foreclosure complaint</u>, a notice of default, a notice of election and demand, or any other notice that is required by applicable law in order to pursue acceleration of a mortgage loan obligation or sale of a property securing a mortgage loan obligation . . . .

12 C.F.R. Pt. 1024. Supp. I, § 1024.41(f) (Jan. 10, 2014) (emphasis ours).

The evidence on record in this case establishes that defendant Muñoz submitted a loss mitigation application to plaintiff in January 2017 requesting a "deed-in-lieu of foreclosure" (DIL) which plaintiff conditionally approved on

---

[2] Congress granted the CFPB exclusive authority to interpret the federal consumer financial laws and deference shall be granted under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984).

CIVIL 17-2198CCC								6

February 13, 2017 subject to her acceptance of the offer by February 27, 2017 and the compliance with other requirements.  Defendant, as required, accepted the offer by the established deadline of February 27, 2017.  All indications are that her acceptance of plaintiff's conditions triggered formal consideration of her loss mitigation application.  Plaintiff's attorney, in fact, confirmed during the initial scheduling conference held on May 2, 2017 in the preceding foreclosure action that plaintiff was evaluating her DIL proposal.  Plaintiff has not presented any evidence whatsoever that by the time it again filed this foreclosure action against defendant on September 13, 2017, it had rejected the loan modification application pending before it.

Given that the filing of this action on September 13, 2017 contravened the explicit prohibition against "dual tracking" enacted in RESPA's regulations, the Motion to Dismiss Pursuant to FRCP 12(b)(1) filed by defendant Muñoz on May 22, 2018 (**d.e. 10**) is hereby GRANTED.  Judgment will be entered by separate Order DISMISSING this action, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on March 6, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge